## PEOPLE v. AH FONG.

No appeal lies to the Supreme Court from an order of the Court below overruling a demurrer to an indictment.

The statute authorizing an appeal from an order granting or refusing a new trial, or which affects a substantial right, does not apply to interlocutory orders made in the progress of the trial.

APPEAL from the Court of Sessions of the County of San Francisco.

*Tingley & Merritt* for Appellant.

*H. S. Brown* for Respondent.

TERRY, C. J., delivered the opinion of the Court—BALDWIN, J., concurring.

Defendant was indicted for a violation of the provisions of the statute to prohibit gaming.   A demurrer was interposed to the indictment, and this appeal is taken from the Court below overruling the demurrer.

No appeal lies from such an order.   The statute authorizing an appeal from an order granting or refusing a new trial, or which affects a substantial right, does not apply to interlocutory orders made in the progress of the trial.   If such a construction were given to the statute, the whole scheme of criminal justice would be defeated.   To procure the continuance of a cause, it would be only necessary to demur to the

indictment on any ground, however frivolous, and upon the overruling of the demurrer, appeal. This, under our present system, would insure a delay of at least six months. Then, upon filing the *remittitur* from the Appellate Court, the same course might be pursued in regard to a multitude of questions which arise in the progress of every criminal trial, the decision of which necessarily affects the substantial rights of the party defendant. Such a result, annulling in effect the Criminal Statutes, was never contemplated by the Legislature.

Appeal dismissed.